IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN GLASS,            )
                           )
        Plaintiff,          )
                           )
    v.                     )   Civil Action No. 10-73J
                           )
MICHAEL J. ASTRUE,         )
COMMISSIONER OF            )
SOCIAL SECURITY,           )
                           )
        Defendant.          )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of March, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 20) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 16) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on April 30, 2002, alleging a disability onset date of January 21, 2002, due to a variety of mental and physical impairments, including anxiety, depression and back problems.[1] Plaintiff's applications were denied initially. Following a hearing held on May 5, 2003, an ALJ issued a decision on March 4, 2004, finding that plaintiff is not disabled. The Appeals Council denied review and plaintiff appealed to this court. By decision dated August 29, 2006, this court remanded the case to the Commissioner for further administrative proceedings due to the ALJ's failure to specify whether plaintiff's impairments in combination meet or equal a listed impairment.

---

[1] The record shows that after the ALJ's original denial of the pending applications on March 4, 2004, plaintiff filed new applications for benefits on June 28, 2004, alleging an onset date of March 5, 2004. In a decision dated December 29, 2005, an ALJ found plaintiff not disabled and plaintiff did not seek review of that decision. The ALJ found no basis to reopen the finding that plaintiff is not disabled for the period beginning March 5, 2004. Accordingly, the relevant time period at issue in this case is from plaintiff's alleged onset date of January 21, 2002, through March 4, 2004. (R. 373).

On remand, a new hearing was held before the ALJ on May 11, 2007, at which plaintiff, represented by counsel, and a vocational expert testified. On August 28, 2007, the ALJ issued a decision finding that plaintiff is not disabled. Plaintiff did not file exceptions to that decision and, on January 13, 2010, the Appeals Council issued a notice stating that the ALJ's decision was the final decision of the Commissioner.

Plaintiff was 50-52 years old during the relevant time period at issue in this case and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). She has a high school education and one year of education at the collegiate level. Plaintiff has past relevant work experience as a cashier, donut decorator and personal care aid, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from a number of severe impairments, including obesity, right lumbar radiculopathy and neuropathy, dysthymic disorder, attention deficit/hyperactivity disorder, borderline intellectual functioning and developmental arithmetic disorders, those impairments, <u>alone or in combination</u>, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. (R. 374-76).

The ALJ also found that plaintiff retains the residual functional capacity to perform work at the light exertional level but with no more than occasional simple, mathematical calculations, no more than simple, repetitive, routine, low stress tasks, no interaction with the public and no more than occasional interaction with co-workers. (R. 475). A vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including chemical fertilizer mixer, dryer operator, embossing machine operator and hole puncher. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

AO 72
(Rev. 8/82)

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's findings: (1) the ALJ erred at step 3 by finding that plaintiff's impairments, alone or in combination, do not meet the criteria of any of the listed impairments; (2) the ALJ improperly evaluated the medical evidence; (3) the ALJ improperly assessed plaintiff's residual functional capacity. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.04 and 12.06) and physical impairments (1.03) and adequately explained why plaintiff's impairments, alone or in combination do not meet or equal the severity of those listed impairments. (R. 374-76); see Burnett, 220 F.3d at 120, n.2. In particular, as to plaintiff's mental impairments, the ALJ found that plaintiff failed to meet either the "B" or the "C" criteria of Listing 12.04 and 12.06, explaining that the state agency medical consultants who had reviewed the medical evidence had reached the same conclusion and further noting that no treating or examining source had found that plaintiff meets the requisite criteria. (Id.). As the required level of severity is met only when the requirements in both A and B of the listings are satisfied, or when the "C" criteria of those listings are met, the ALJ correctly concluded that plaintiff does not meet any of those

listings. The ALJ likewise considered the medical evidence relating to plaintiff's physical impairments in concluding that plaintiff does not meet or equal any of the listings in 1.00 for musculoskeletal system disorders or in 11.00 for neurological disorders and the record likewise is clear that plaintiff's physical impairments do not meet the criteria of any listing.

Moreover, as noted by the ALJ, plaintiff has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that any of her impairments, physical or mental, alone or in combination, meet or equal Listings 1.03, 12.04, 12.06, or any other listed impairment.[3] See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In fact, the medical evidence of record does not support a finding that plaintiff meets or equals any listing. The court is satisfied that the ALJ's step 3 analysis conforms with this court's remand order and is supported by substantial evidence.

Plaintiff's remaining arguments relate to the ALJ's finding of not disabled at step 5 of the sequential evaluation process. At that step, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant

---

[3] Plaintiff also argues before this court that her impairments meet or equal Listing 12.05 for mental retardation. This argument is frivolous. There is no evidence in the record that plaintiff is dependent on others for personal needs or is unable to follow directions as required under 12.05(A). Moreover, the B, C, and D criteria all require IQ scores of 70 or below and plaintiff's IQ scores as set forth in the record are 81 verbal, 76 full-scale and 74 performance. Plaintiff fails to satisfy any of the criteria of Listing 12.05.

AO 72
(Rev. 8/82)

can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ found that plaintiff retains the residual functional capacity to perform light work with numerous restrictions accommodating her mental impairments. (R. 380). Although plaintiff disputes this finding, it is clear from the record that the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, in assessing plaintiff's residual functional capacity, and that he incorporated into his finding all of the limitations that reasonably could be supported by the medical and other relevant evidence. (R. 374-78). In addition, the ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding demonstrates that he did just that. The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Plaintiff also alleges that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. In particular, she alleges that the ALJ erred in not

giving appropriate weight the opinion of Dr. Sheedy, her primary care physician, who reported in a number public welfare assistance forms that plaintiff was disabled due to depression. (R. 292-301). The court finds no error in the ALJ's evaluation of the medical evidence.[4]

The ALJ expressly addressed in his decision Dr. Sheedy's opinion and sufficiently explained why he gave that opinion little weight. (R. 378). In particular, the ALJ noted that Dr. Sheedy is not a psychiatrist or specialist in mental health disorders; that plaintiff's only treatment was an anti-depressant medication and that Dr. Sheedy reported that she responded well to that treatment; that Dr. Sheedy's opinion is not supported by any specific objective findings and do not contain any functional restrictions; and that plaintiff never was referred to mental health counseling by Dr. Sheedy and, in fact, stopped formal counseling when she began treating with him. (Id.).

The ALJ's assessment of Dr. Sheedy's report is well-supported by the evidence in the record. First, the opinion of a physician,

---

[4] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

AO 72
(Rev. 8/82)

treating or otherwise, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p.

In addition, Dr. Sheedy rendered his opinions of disability on state welfare employability forms. However, the Commissioner is to make disability determinations based on social security law and therefore an opinion from a treating source that an individual is disabled based on state welfare rules is not binding on the issue of disability under different social security regulations. See 20 C.F.R. §404.1504.

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his decision and adequately explained his reasons for the weight he accorded to all of the medical reports and opinions, including those from Dr. Sheedy. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

The court also finds no error in the ALJ's failure to incorporate any additional limitations in his residual functional capacity findings for lifting, standing and walking. However, the ALJ rejected any additional limitations as inconsistent with the objective medical evidence of record and supported only by plaintiff's subjective complaints of pain, which the ALJ found to be only partially credible. (R. 377; 379).

The court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. 20 C.F.R. §§404.1529© and 416.929©; see also SSR 96-7p. In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record, and concluded that plaintiff's subjective complaints of pain and limitations were inconsistent with the totality of the evidence. (R. 377). This finding is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    200 Penn Traffic Building
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901